## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**YVETTE WILLIAMS,**

    **Plaintiff,**

**v.**                                               Case No.  8:05-cv-86-T-30MAP

**AMERICAN AIRLINES, INC.,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant American Airlines, Inc.'s Motion for Summary Judgment with Incorporated Memorandum of Law (Dkt. # 16), Plaintiff's Response to Defendant American Airlines, Inc.'s Motion for Summary Judgment with Incorporated Memorandum of Law (Dkt. # 19), Defendant American Airlines Inc.'s Reply in Support of Motion for Summary Judgment (Dkt. # 26), and Plaintiff's Response in Opposition to Defendant American Airlines, Inc.'s Reply Brief in Support of Summary Judgment (Dkt. # 27).

On December 14, 2001, Plaintiff Yvette Williams was a passenger aboard American Airlines flight 672 from the United States Virgin Islands to Miami, Florida.  Ms. Williams and her husband, Fitzroy Williams, were seated in the first-class cabin which entitled them to a meal during the flight.  First-class passengers were given a choice of chicken or beef for their main entree.  Plaintiff, who is allergic to fish, informed the flight attendant that she

would like the chicken. Prior to serving the main entree, the flight attendant served Plaintiffs salads containing mahi mahi fish. Mrs. Williams, apparently believing that the salad was the main entree and that the mahi mahi fish was chicken, consumed some of the fish. Mrs. Williams began to have an allergic reaction shortly after eating the fish. Two doctors who were traveling as passengers on the flight treated Plaintiff with oxygen and a shot of an unknown medication. Plaintiff was treated by additional emergency medical personnel upon the plane's arrival in Miami. Plaintiff then re-boarded the plane and continued on to her ultimate destination of Atlanta, Georgia.

Plaintiffs filed suit against defendants in the Superior Court of the Virgin Islands. Defendant removed the matter to U.S. District Court and it was subsequently transferred to the Middle District of Florida, Tampa Division.[1] Plaintiffs' two count Complaint alleges that American Airlines was negligent in serving Ms. Williams fish and in having a defective oxygen cannister on board the flight. American Airlines has moved for summary judgment on all of Plaintiffs' claims. The Court, having considered the motion and memoranda, and being otherwise fully advised, finds that the motion should be granted.

The Court finds that, as a matter of law, the Defendant did not owe a duty, either under the common law or any applicable Federal Aviation Administration standard of care, to inform Ms. Williams of the entire content of her meal. Prior to her allergic reaction, Ms. Williams did not inform any of the Defendants of her allergy nor have Plaintiffs presented

---

[1] Defendants AMR Corp., Sharon Moore and Jane and John Does I through X were dismissed without prejudice by the District Court for the U.S. Virgin Islands on November 3, 2003.

any evidence that the Defendants were aware of Ms. Williams' allergy. Adopting Plaintiffs' argument would require food servers to identify every single ingredient contained in each meal to every diner. Ms. Williams was the person in the best position to prevent her allergic reaction. Had she advised the Defendants of her condition, or inquired as to the specific contents of the salad, her allergic reaction probably would have been avoided.[2]

Moreover, Plaintiffs' negligent misrepresentation claim is without merit. There is no evidence that American Airlines misrepresented that the salad contained fish or that it intended to induce Ms. Williams into eating the fish. See Atlantic Nat. Bank of Florida v. Vest, 480 So.2d 1328, 1331-32 (Fla. 2d DCA 1986). Although Ms. Williams may have been confused as to the contents of the salad, this confusion was not the result of any misrepresentation on the part of the Defendant.

Ms. Williams also alleges that Defendant was negligent in not maintaining a full, properly functioning emergency oxygen cannister on board the aircraft. Plaintiffs allege that the oxygen cannister either ran out of oxygen or malfunctioned two or three minutes after the doctors administered the oxygen to Ms. Williams ( Dkt. # 17, Plaintiff's Deposition, p.49). However, Plaintiffs have offered no evidence that the lack of a full or functioning oxygen cannister was the proximate cause of any of Ms. Williams injuries or damages.[3]

---

[2] The Court would be faced with a different situation had the flight attendant actually informed Ms. Williams that the salad contained chicken, instead of the mahi mahi fish. However, there is no evidence that this occurred.

[3] The Court also rejects Plaintiffs' assertion that the doctrine of *res ipsa loquitor* is applicable to both of Plaintiffs' claims.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant American Airlines, Inc.'s Motion for Summary Judgment with Incorporated Memorandum of Law (Dkt. # 16) is GRANTED.

2. The Clerk is directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on September 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-86.msj.wpd